<em>Plaintiff's and defendants'<br>exceptions overruled.</em>

## JAMES McLELLAN *versus* THE COUNTY COMMISSIONERS OF KENNEBEC.

A committee, agreed on and appointed instead of a jury, to assess the damages occasioned by the location of a county road, cannot act by a majority; but their proceedings will be void, unless they all concur in the result arrived at.

THIS was an appeal, under the provisions of the St. 1841, c. 196, from a decision of the County Commissioners, accepting the report of a committee agreed upon and appointed to assess damages occasioned by the location of a county road through the land of McLellan. The report was accepted at the December Term of the County Commissioners' Court, 1841. The whole of the committee attended, heard the parties, and consulted together as to the assessment of damages. Two of them signed the report of the committee, and the third made a certificate, that he was present with his associates,

viewed the premises, heard the parties, and consulted with his associates, but dissented, and declined signing the report, because he thought the damages awarded were inadequate.

*F. Allen,* for McLellan, said that an appeal was the proper mode to obtain redress. St. 1841, c. 196, § 2.

The report of the committee to assess the damages ought not to have been accepted, because it was signed by but two of the committee. All the members of the committee must concur in the report, or their proceedings are unauthorized and void. *Towne* v. *Jaquith,* 6 Mass. R. 46 ; *Greene* v. *Miller,* 6 Johns. R. 39 ; Kyd on Awards, 106 ; *Com.* v. *Ipswich,* 2 Pick. 70 ; *Jackson* v. *Hampden,* 16 Maine R. 184.

*G. M. Weston,* County Attorney, for the respondents, contended that the committee were to be considered as public officers, the decision of a majority of whom is valid. Where they all acted, but one dissented, because he differed in opinion, as in this case, the committee has the same right to act by the majority, as selectmen, assessors, or the County Commissioners themselves. The case of *Jackson* v. *Hampden,* cited for the original petitioners, does not deny the power of a majority to act, but merely decides that all should have notice, and an opportunity to act. All officers may act by majorities. Jurors, if they are entitled to be called officers, are an exception.

The opinion of the Court was prepared by

Whitman C. J. — The appeal is from a decision of the Commissioners, on their acceptance of a report of a committee, appointed to assess the damages accruing to the appellant, from the location of a highway. Exceptions were taken to the report of the committee, because it was signed by two only, of the three appointed on the commission. It appears, however, that the third commissioner attended with the other two, but, not being satisfied with the result to which they came, declined signing the report.

The statute of 1821, c. 118, § 1, authorizing the appointment of a committee, under the circumstances of this case, provides, that the Court may " hear and finally determine the

same by a new committee, if the person complaining and the agent for the town, (now the County Attorney,) in which the highway is laid out, can agree thereon." Otherwise they are to do it by a jury. The counsel for the appellant insists that the doings of committees, so appointed, are void unless they all concur in the result arrived at; and likens it to the case of an arbitration or reference, where, if the parties have not otherwise agreed, the report, to be effectual must be signed by all the referees. It must be conceded that there is some resemblance between the two cases; especially when referees are appointed by rule of Court. The Court would seem to hear and determine the cause as much, in one case, as the other. The appointment in either case is by the agreement of parties. The whole subject matter in controversy is embraced equally in each. The Court would be equally as powerless in the one case as in the other, without the agreement of parties. Its province is either to accept, reject or recommit the report. If the parties, in a case of the kind before us, agree on a committee, the statute must be regarded as imperative upon the Court to make the appointment. It can neither do it, nor refuse to do it, upon its own mere motion. The appointment, then, in substance and effect, is the work of the parties, and constitutes a special, and not a general agency; and the right to proceed by a majority does not take place.

This differs altogether from the case of the authority of public bodies, proceeding to act by their selectmen, assessors, overseers of the poor and committees; and from all elections of directors, authorized to aid any corporation to carry on and manage its concerns. Those come within the principle laid down in *Grindley* v. *Baker*, 1 Bos. & Pul. 229, " that where a number of persons are intrusted with power not of a mere private confidence, but in some respects of a general nature, and all of them are regularly assembled, the majority will control."

The decree and judgment of the County Commissioners must therefore be reversed and annulled.